{¶ 1} Defendant-appellant, Joaquin Bell ("appellant"), appeals from the trial court's denial of his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.
 {¶ 2} On September 22, 2004, the Cuyahoga County Grand Jury indicted appellant on seven counts, which included charges of rape, attempted rape, gross sexual imposition and kidnapping. All counts included sexually violent predator specifications and five of the counts included repeat violent offender specifications and notices of a prior conviction. Several of the counts also included sexual motivation specifications. Appellant pled not guilty to all counts in the indictment.
 {¶ 3} The trial court scheduled a pretrial of this matter for October 7, 2004. The pretrial was continued on six separate occasions per appellant's requests and was finally held on January 6, 2005. At the pretrial, the court scheduled the trial of this matter for January 18, 2005. Again, after a number of requests by appellant, the trial was continued until April 25, 2005. Because a jury was not present at this time, the court continued the matter until April 27, 2005.
 {¶ 4} On the day of trial, the court was ready to proceed when appellant requested another continuance in order to obtain new counsel. Thereafter, appellant agreed to plead guilty to the amended charges of attempted rape and attempted kidnapping, with a stipulation to be classified as a sexual predator. All other counts and specifications were nolled. Before accepting appellant's guilty plea, the trial *Page 5 
court engaged in a plea colloquy pursuant to Crim.R. 11.
 {¶ 5} On May 26, 2005, the court sentenced appellant to seven years incarceration on each of the amended charges, with the sentences to run consecutively to each other, for a total prison term of fourteen years. Additionally, the court classified appellant as a sexual predator.
 {¶ 6} More than three months later, on August 31, 2005, appellant filed a motion to withdraw his guilty plea. The trial court denied said motion on January 3, 2006 pursuant to Crim.R. 32.1.
 {¶ 7} Appellant now appeals and asserts three assignments of error for our review. Appellant's first assignment of error states:
 {¶ 8} "The trial court erred and abused its discretion in denying appellant's motion to withdraw plea."
 {¶ 9} Here, appellant argues that the trial court erred in denying his motion to withdraw his guilty plea that was filed more than three months after receiving his sentence. For the foregoing reasons, we find appellant's argument without merit.
 {¶ 10} Pursuant to Crim.R. 32.1, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. The individual seeking vacation of the plea bears the burden of establishing the existence of a "manifest injustice." Id., paragraph one of syllabus. "Manifest injustice" is an extremely high standard which permits the court *Page 6 
to allow plea withdrawal only in "extraordinary cases." State v.Herrera, Allen App. No. 1-01-126, 2001-Ohio-2341. A manifest injustice is defined as a "clear or openly unjust act." State ex rel. Schneider v.Kreiner, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83. Other courts have referred to it as "an extraordinary and fundamental flaw in the plea proceeding." State v. Lintner, Carroll App. No. 732, 2001-Ohio-3360; State v. Wheeler, Montgomery App. No. 18717, 2002-Ohio-284.
 {¶ 11} A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984), 17 Ohio App.3d 201, 202,478 N.E.2d 1016. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's [decision] is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting Steiner v. Custer (1940), 137 Ohio St. 448, 31 N.E.2d 855.
 {¶ 12} In this matter, defendant has not demonstrated that a manifest injustice has occurred, and therefore, failed to establish grounds for relief under Crim.R. 32.1. First, appellant complains that the trial court erred in accepting his guilty plea even though it was aware appellant was not satisfied with his retained trial counsel. We find appellant's argument without merit. A review of the record indicates that during the plea colloquy, the trial court inquired whether appellant was satisfied with his *Page 7 
counsel, to which appellant responded in the affirmative.
 {¶ 13} Additionally, even if the trial court was aware of appellant's dissatisfaction with counsel, it was completely within the trial court's discretion to deny appellant's request for a continuance in order to obtain new counsel. The pretrial of this matter, which was originally scheduled for October 7, 2004, was continued at appellant's request on six separate occasions, thereby delaying the matter by four months. Moreover, the trial was initially scheduled for January 19, 2005, but again was delayed by four months due to appellant's requests. Finally, on April 27, 2005, appellant's trial was scheduled to begin. On this date, appellant again requested a continuance, this time to obtain new counsel, but proffered no reasons for the substitution. In response, the trial court noted that the jury was present, the state was prepared to begin, as was the court, and that defense counsel was also prepared and competent to proceed. The court further considered appellant's repeated delays in the case. Thereafter, the court denied appellant's request for a continuance.
 {¶ 14} Considering the appellant's repeated delays, the trial court was within its discretion to deny appellant's motion for a continuance. The trial court could have justifiably presumed appellant was merely attempting to delay the proceedings when he requested a continuance to obtain new counsel. State v. Hicks, Greene App. No. 2005-CA-140,2006-Ohio-6662 (presuming bad faith with a purpose to delay when a defendant requested new counsel on the day of trial), citing Statev. *Page 8 Edgell (1972), 30 Ohio St.2d 103, 283 N.E.2d 145; Thurston v.Maxwell (1965), 3 Ohio St.2d 92, 209 N.E.2d 204; State v. Hill, Montgomery App. No. 20028, 2004-Ohio-2048. Accordingly, appellant has not demonstrated that a manifest injustice has occurred as a result of the trial court's denial of his motion to continue.
 {¶ 15} Next, appellant argues that the trial court erred in accepting his guilty plea because appellant never admitted his guilt. Appellant's argument lacks merit. "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 5, syllabus. In the instant matter, appellant never asserted his innocence at the time of his plea. Accordingly, we presume that he understood that he was admitting to his guilt.
 {¶ 16} Additionally, we note that when asked for his plea to the amended charges, appellant responded, "I plead guilty, you Honor." Under these circumstances, we find that the trial court's failure to inform appellant of the effect of his guilty plea was not prejudicial and did not amount to a manifest injustice.
 {¶ 17} Finally, within this assignment of error, appellant maintains that he was pressured by counsel to enter the plea agreement. A review of the plea colloquy, however, establishes the opposite. During the colloquy, appellant stated that no threats or promises were made to induce his plea. Additionally, appellant failed to *Page 9 
present any evidence establishing coercion in his motion to withdraw the plea. See State v. Thomas, Cuyahoga App. No. 85294, 2005-Ohio-4145 (In asserting coercion in a motion to withdraw a guilty plea, a defendant shall provide supporting evidence that the guilty plea was induced by false promises). Thus, we find that appellant has failed to establish the existence of a manifest injustice that would justify granting his post-sentence motion to withdraw his guilty plea. Appellant's first assignment of error is overruled.
 {¶ 18} Appellant's second assignment of error states:
 {¶ 19} "The trial court erred and abused its discretion in refusing to hold a hearing on appellant's motion to withdraw plea."
 {¶ 20} Within this assignment of error, appellant maintains that the trial court erred in not holding a hearing on his motion to withdraw his guilty plea. A trial court, however, is not required to hold a hearing on a post-sentence motion to withdraw a plea "if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik, supra at 204. For the reasons proffered in appellant's first assignment of error, we find the trial court was not required to hold a hearing because even if we were to accept the facts alleged by appellant as true, the trial court would not be required to withdraw the guilty plea. Accordingly, appellant's second assignment of error is without merit.
 {¶ 21} Appellant's third assignment of error states:
 {¶ 22} "The trial court erred and abused its discretion in denying appellant's *Page 10 
motion for a continuance in order to retain new counsel."
 {¶ 23} We are foreclosed from addressing the merits of appellant's third assignment of error. Appellant did not timely take issue with or appeal the trial court's April 27, 2005, decision to deny appellant's request.
 {¶ 24} An appellant must file a notice of appeal with the clerk of this court within thirty days of the date of the entry of judgment or order appealed from. App.R. 3(A); App.R. 4(A). An appellant's failure to file a timely notice of appeal renders the court of appeals without jurisdiction and authority to entertain the appeal. Bosco v. City ofEuclid (1974), 38 Ohio App.2d 40, 42-43, 311 N.E.2d 870.
 {¶ 25} The trial court denied appellant's request for a continuance in order to obtain counsel on April 27, 2005. Appellant did not file his appeal with this court until February 3, 2006, more than nine months after the court's decision in this regard. Accordingly, appellant failed to timely appeal this issue.
 {¶ 26} We acknowledge that we allowed appellant a delayed appeal pursuant to App.R. 5(A) to address issues regarding his motion to withdraw his guilty plea. Appellant, however, never requested, nor did we grant, a delayed appeal as to any issues regarding the trial court's actions prior to its denial of appellant's motion to withdraw. Accordingly, we are without jurisdiction to entertain the merits of this assignment of error.
Judgment affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 11 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, JUDGE
 KENNETH A. ROCCO, P.J., and MARY J. BOYLE, J., CONCUR *Page 1