JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Fredrick Malone appeals the trial court's denial of his post-sentence motion to withdraw his guilty pleas. Malone assigns the following errors for our review:
 "I. The trial court abused her [sic] discretion by overruling a motion to withdraw Malone's guilty pleas without a hearing because the motion argued that he was not told he faced mandatory prison time."
 "II. Malone's guilty pleas were not knowingly made because Malone was not informed during the colloquy that his pleas would result in a mandatory prison sentence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On November 14, 2006, the Cuyahoga County Grand Jury indicted Malone on two counts of drug trafficking, with a juvenile specification attached. The grand jury also indicted Malone on one count of drug possession and on one count possession of criminal tools. Malone pleaded not guilty at his arraignment and a series of pre-trials followed.
 {¶ 4} On February 26, 2007, Malone reached a plea agreement with the State of Ohio. Pursuant to the plea agreement, Malone pleaded guilty to one count of drug trafficking without the juvenile specification and the State dismissed the other drug trafficking count. Malone also pleaded guilty to one count of drug possession and one count of possession of criminal tools. The trial court immediately proceeded to sentencing and imposed a two-year term of incarceration, but allowed Malone to report to prison on March 26, 2007. *Page 4 
 {¶ 5} On October 1, 2007, Malone filed a pro se motion for judicial release, which the trial court denied without a hearing. On April 17, 2008, Malone filed a pro se motion for post-conviction relief and a motion to withdraw his guilty pleas. The trial court denied both motions. Thereafter, Malone filed a pro se motion for a delayed appeal with this court. On July 1, 2008, we granted Malone's motion for a delayed appeal.
 Post-Sentence Plea Withdrawal {¶ 6} Having a common basis in fact and law, we will address both assigned errors together. Malone argues that the trial court erred when it denied his motion to withdraw his guilty pleas. We disagree.
 {¶ 7} Pursuant to Crim. R. 32.1, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice."[1] The individual seeking vacation of the plea bears the burden of establishing the existence of a "manifest injustice."[2]
 {¶ 8} "Manifest injustice" is an extremely high standard that permits the court to allow a plea withdrawal only in "extraordinary cases."[3]
A manifest injustice is *Page 5 
defined as a "clear or openly unjust act."[4] Other courts have referred to it as "an extraordinary and fundamental flaw in the plea proceeding."[5]
 {¶ 9} A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion.[6] The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's decision is unreasonable, arbitrary or unconscionable.[7] Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.[8]
 {¶ 10} Crim. R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest. With respect to the required colloquy, Crim. R. 11(C)(2) provides:
 "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: *Page 6 
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} In the instant appeal, Malone does not argue that the trial court failed to properly apprise him of the constitutional implications of his guilty pleas pursuant to Crim. R. 11. Rather, Malone asserts that his guilty pleas were rendered unknowingly and involuntarily by the fact that the trial court did not advise him that he faced a mandatory two-year prison sentence. We are not persuaded.
 {¶ 12} A trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights.[9] However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights.[10] The non-constitutional rights that a defendant must be informed of are the nature of the *Page 7 
charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence.[11]
 {¶ 13} Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving.[12] A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.[13] The test is whether the plea would have been otherwise made.[14]
 {¶ 14} Our review of the record indicates that the trial court informed Malone of his constitutional rights, the charged offenses, the maximum penalties involved, and that he would be subject to postrelease control for a period of three years following his release from prison. Malone signaled his understanding of the rights he was waiving, the offenses and the penalties involved.
 {¶ 15} Despite Malone's post-sentence assertions that he was unaware of the mandatory two year sentence, the record indicates otherwise. The following exchange took place immediately after the trial court accepted Malone's pleas and was about to sentence him: *Page 8 
 "Mr. Agopian: He's accepted responsibility for his actions in this case by virtue of entering a plea in this case. *** He knows he does — — is going to be punished. He knows its going to be a mandatory sentence. Judge, I ask you to take all of that into account in imposing the sentence. We do ask for the minimum."
 "* * *
 "Defendant: Your Honor, I just wanted to say that I'm very sorry for what happened. At that point in time it was misjudgment on my behalf. ***
 "The Court: How does a 40 year old college educated person wind up in this scenario?
 "* * *
 "Defendant: My bill was kind of high, I basically, like you said trying to make quick money. Bad, poor judgment on my behalf.[15]
 {¶ 16} We conclude, on the totality of the record before us, that Malone fails to establish how the alleged lack of information, at the plea hearing, regarding the mandatory sentence has prejudiced him in any way.
 {¶ 17} Moreover, Malone does not even argue in his merit brief that he would have refused to enter a guilty plea had he been made aware of the two-year mandatory sentence. Thus, Malone has failed to establish any prejudice resulting from the alleged lack of information. *Page 9 
 {¶ 18} Consequently, the trial court did not abuse its discretion in denying his post-sentence motion to withdraw his guilty pleas. Accordingly, we overrule both assigned errors.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] State v. Bell, Cuyahoga App. No. 87727, 2007-Ohio-3276, citingState v. Smith (1977), 49 Ohio St.2d 261, 264.
[2] Id., paragraph one of syllabus.
[3] State v. Herrera, 3rd Dist. No. 1-01-126, 2001-Ohio-2341.
[4] State ex rel. Schneider v. Kreiner, 83 Ohio St.3d 203, 208,1998-Ohio-271.
[5] State v. Lintner, 7th Dist. No. 732, 2001-Ohio-3360; State v. Wheeler, 2nd Dist. No. 18717, 2002-Ohio-284.
[6] State v. Blatnik (1984), 17 Ohio App.3d 201, 202.
[7] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[8] State v. Xie (1992), 62 Ohio St.3d 521, 527.
[9] Boykin v. Ala. (1969), 395 U.S. 238, 23 L.Ed.2d 274.
[10] State v. Stape, 2nd Dist. No. 22586,2009-Ohio-420, citing State v. Nero (1990), 56 Ohio St.3d 106, 108.
[11] Crim. R. 11 (C)(2)(a), (b); State v. Philpott (Dec. 14, 2000), Cuyahoga App. No. 74392, citing McCarthy v. U.S. (1969), 394 U.S. 459,466, 89 S.Ct. 1166, 22 L.Ed.2d 418.
[12] Nero, 56 Ohio St.3d at 108.
[13] State v.Stewart (1977), 51 Ohio St.2d 86, 93; Crim. R. 52(A).
[14] Id. at 108.
[15] Tr. 15-17. *Page 1