[Cite as *State v. Davis*, 2011-Ohio-2514.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95016**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALBERT D. DAVIS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CR-533246

**BEFORE:**    Blackmon, P.J., Stewart, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**    May 26, 2011

-i-

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: W. Mona Scott
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶ 1}  Appellant Albert D. Davis appeals the trial court's denial of his post-sentence motion to withdraw his guilty pleas and assigns the following error for our review:

> **"The appellant's plea of guilty must be vacated as it was not entered with full advice of the consequences as**

**required by Crim.R. 11 and the Due Process Clause of the Constitution of the United States.”**

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶ 3} On January 25, 2010, the Cuyahoga County Grand Jury indicted Davis on one count of failure to comply with an order or signal of a police officer; a risk of serious physical harm specification was attached. The grand jury also indicted Davis on two counts of assault of a peace officer and one count of resisting arrest. On January 28, 2010, Davis pleaded not guilty at his arraignment, several pretrials were conducted, and the matter was subsequently scheduled for trial.

{¶ 4} On March 24, 2010, the date scheduled for trial, after an agreement with the state, Davis withdrew his not guilty pleas, and pleaded guilty to failure to comply with an order or signal of a police officer, that included the risk of serious physical harm specification. Davis also pleaded guilty to one count of assault of a peace officer, and the state dismissed the remaining two charges.

{¶ 5} On April 19, 2010, the trial court sentenced Davis to a prison term of two years for failure to comply with an order or signal of a police officer and one year for assault on a peace officer. The trial court ordered

consecutive sentences for a total of three years imprisonment. In addition, the trial court suspended Davis's driver's license for life.

**{¶ 6}** On April 22, 2010, Davis filed a pro se motion to withdraw his guilty pleas, which the trial court denied, and Davis now appeals.

## Post-Sentence Withdrawal of Guilty Plea

**{¶ 7}** In the sole assigned error, Davis argues his guilty pleas were not knowingly, intelligently, and voluntarily made, because the trial court failed to advise him that the imposition of the mandatory lifetime driver's license suspension could result in him not having occupational driving privileges.

**{¶ 8}** Preliminarily, we note that the instant appeal involves a post-sentence motion to withdraw a guilty plea. Pursuant to Crim.R. 32. 1, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice." *State v. Bell*, Cuyahoga App. No. 87727, 2007-Ohio-3276, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. The individual seeking vacation of the plea bears the burden of establishing the existence of a "manifest injustice." Id., paragraph one of syllabus.

**{¶ 9}** "Manifest injustice" is an extremely high standard that permits the court to allow a plea withdrawal only in "extraordinary cases." *State v.*

*Malone*, Cuyahoga App. No. 91439, 2009-Ohio-1364, citing *State v. Herrera*, 3d Dist. No. 1-01-126, 2001-Ohio-2341. A manifest injustice is defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83. Other courts have referred to it as "an extraordinary and fundamental flaw in the plea proceeding ." *State v. Lintner*, 7th Dist. No. 732, 2001-Ohio-3360; *State v. Wheeler*, 2d Dist. No. 18717, 2002-Ohio-284.

{¶ 10} A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Blatnik* (1984), 17 Ohio App.3d 201, 202, 478 N.E.2d 1016. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.

{¶ 11} We have found no evidence that a manifest injustice occurred. The record indicates that the trial court fully informed Davis of his

constitutional rights and made sure that he was knowingly waiving those rights. The trial court sufficiently apprised Davis of the charges to which he pled and the attendant penalties.

{¶ 12} Nonetheless, Davis asserts that his guilty pleas were rendered unknowingly and involuntarily by the fact that the trial court did not advise him that he faced the possibility that he would be denied occupational driving privileges upon his release from prison. We are not persuaded.

{¶ 13} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard* (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115. The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. *State v. Cardwell*, Cuyahoga App. No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). Id.

{¶ 14} Crim.R. 11(C)(2) provides in pertinent part that in felony cases the court may refuse to accept and shall not accept a plea of guilty without first addressing the defendant personally and doing all of the following:

**"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**

**"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."**

**{¶ 15}** A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶18. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *Ballard*, paragraph two of the syllabus.

**{¶ 16}** With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether

there was substantial compliance with the rule. *Veney* at ¶14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *Stewart*, 51 Ohio St.2d 86. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger* (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959.

{¶ 17} Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney*, 120 Ohio St.3d at ¶17. The test for prejudice is whether the plea would have otherwise been made. Id.; see, also, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶ 18} In the instant case, despite Davis's present assertions, a review of the record indicates a textbook adherence to the requirements of Crim.R. 11. At the plea hearing, the state set forth the charge, maximum penalty, and plea discussions on the record. The trial court engaged Davis in a Crim.R. 11 colloquy. During the colloquy, Davis affirmatively expressed that he

understood his rights, and that he understood he was giving up those rights by entering a guilty plea.

{¶ 19} Davis also affirmatively expressed that he understood the nature of the charge and the maximum penalty the court could impose including that he could go to prison for up to five years. In addition, Davis indicated he was not under the influence of drugs, alcohol, or medication that affected his judgment. Further, Davis stated that no threats or promises had been made to induce his plea and that he was satisfied with his representation.

{¶ 20} Finally, pertinent to Davis's post-sentence assertions, the following exchange took place:

> **"The Court:** In this matter there's also a mandatory driver's license suspension. And my understanding is that you previously had a conviction under this section in Case 449998 with [another trial judge] in 2004.
>
> **The Defendant: Yes.**
>
> **The Court:** Do you recall that?
>
> **The Defendant: Yes, sir.**
>
> **The Court:** That would mean then by law that you would have a Class 1 mandatory driver's license suspension; do you understand that?
>
> **The Defendant: Yes."** Tr. 17.

{¶ 21} Here, the above excerpt and the record as a whole, fail to establish how the alleged lack of information, regarding the possibility of Davis being denied occupational driving privileges upon his release from prison, prejudiced him in any way. Further, despite given the opportunity to inquire about occupational driving privileges, Davis inquired about consecutive sentences, but made no inquiry about occupational driving privileges.

{¶ 22} Finally, Davis's defense counsel indicated that he had discussed the consequences of the mandatory lifetime driver's license suspension with Davis and that Davis understood. Tr. 9. Thus, Davis has failed to establish any prejudice resulting from the alleged lack of information. Consequently, the trial court did not abuse its discretion in denying his post-sentence motion to withdraw his guilty pleas. Accordingly, we overrule the sole assigned error.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed,

any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MELODY J. STEWART, J., and
JAMES J. SWEENEY, J., CONCUR