[Cite as *State v. Batke*, 2011-Ohio-4636.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 95947 and 95948**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DALE D. BATKE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-521243 and CR-521830

**BEFORE:** Jones, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 15, 2011

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY: Kristopher A. Haines
Assistant State Public Defender
Ohio Public Defender's Office
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Thorin O. Freeman
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}  Defendant-appellant, Dale Batke, appeals the trial court's denial of his post-sentence motion to withdraw his guilty pleas.   For the reasons that follow, we affirm the trial court's decision.

{¶ 2}  On June 15, 2009, Batke pleaded guilty in Case No. CR-521243 to one count each of the following:   felonious assault with a firearm specification, domestic violence with

a firearm specification, violating a protection order with a firearm specification, domestic violence, disrupting public service, violating a protection order, felonious assault on a police officer, failure to comply with order or signal of a police officer, theft, and inducing panic. In Case No. CR-521830, Batke pleaded guilty to violating a protection order and intimidation.

{¶ 3} On July 10, 2009, the trial court sentenced Batke to 18 years in prison. Three days later, and before Batke was transferred to prison, the trial court held another hearing and amended Batke's sentence to 14 years in prison. Batke's counsel then orally moved the trial court to withdraw Batke's guilty pleas. His counsel indicated that he would file a written motion to withdraw the guilty pleas and asked to be excused from the case.

{¶ 4} On July 20, Batke moved to withdraw his guilty pleas. The state opposed the motion. A year later, on July 21, 2010, Batke, represented by new counsel, filed a supplement to his motion to withdraw his guilty pleas. Two days later, the trial court held a hearing on the motion. Batke and his sister testified that his original attorney promised them that Batke would receive no more than ten years in prison.

{¶ 5} The trial court continued the matter and ultimately denied Batke's motion.

{¶ 6} Batke filed two delayed notices of appeal. We have consolidated his cases for briefing and disposition. Batke raises two assignments of error for our review, in which he challenges the trial court's denial of his motion.

I

{¶ 7}　We begin by discussing Batke's contention under his second assignment of error that the trial court should have considered his motion under the pre-sentence standard for a motion to withdraw a guilty plea.

{¶ 8}　Crim.R. 32.1 governs withdrawals of guilty pleas and states as follows:

{¶ 9}　"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 10}　The general rule is that motions to withdraw guilty pleas before sentencing are to be freely and liberally allowed. *State v. Peterseim* (1979), 68 Ohio App.2d 211, 214, 428 N.E.2d 863, citing *Barker v. United States* (C.A.10, 1978), 579 F.2d 1219, 1223. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. Id. at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. Id.

{¶ 11}　In contrast, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his plea, only "to correct a manifest injustice." *State v. Bell*, Cuyahoga App. No. 87727, 2007-Ohio-3276, citing *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. The defendant bears the burden of

establishing the existence of a "manifest injustice." Id., paragraph one of syllabus. "Manifest injustice" is an extremely high standard that permits the court to allow a plea withdrawal only in "extraordinary cases." *State v. Malone*, Cuyahoga App. No. 91439, 2009-Ohio-1364, ¶8. A post-sentence motion to vacate a guilty plea is also left to the discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Blatnik* (1984), 17 Ohio App.3d 201, 202, 478 N.E.2d 1016.

{¶ 12} Batke claims that his motion should have been treated as a presentence motion because the court was aware prior to sentencing that he wanted to withdraw his guilty plea. Although Batke makes this claim, our review of the record shows that the motion to withdraw his guilty plea was made after he was sentenced.

{¶ 13} Thus, Batke's motion was a post-sentence motion to withdraw his guilty pleas and we will consider his arguments under that standard.

{¶ 14} The second assignment of error is overruled.

II

{¶ 15} In his first assignment of error, Batke argues that the trial court erred when it denied his motion to withdraw his guilty pleas.

{¶ 16} Crim.R. 32.1 requires a defendant making a post-sentence motion to withdraw a plea to demonstrate manifest injustice because it is designed "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the

sentence was unexpectedly severe." *State v. Caraballo* (1985), 17 Ohio St.3d 66, 67, 477 N.E.2d 627, citing *Peterseim* at 213.

{¶ 17} At the hearing on the motion, Batke testified that he did not understand his constitutional rights as the court stated them during the plea colloquy. He claimed that he had not understood the right to compulsory process and further submitted that he had taken prescription drugs before he entered his pleas.

{¶ 18} We have reviewed the plea colloquy and find that it adhered to the mandates as stated in Crim.R. 11. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard* (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115. Although we review a trial court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion, the standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. See *State v. Cardwell*, Cuyahoga App. No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

{¶ 19} Crim.R. 11(C)(2) provides that in felony cases the court may refuse to accept and shall not accept a plea of guilty without first addressing the defendant personally and doing all of the following:

> "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable,

that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 20} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 21} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *Ballard*, paragraph two of the syllabus.

{¶ 22} With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Veney* at ¶14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his

plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger* (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959.

{¶ 23} Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney*, at ¶ 17.

{¶ 24} In the case at bar, our review of the record shows that the trial court adhered to the requirements of Crim.R. 11. During the plea colloquy, Batke affirmatively expressed that he understood his rights, and that he understood he was giving up those rights by entering a guilty plea. Although Batke testified at the motion hearing that he had not understood his rights, the record belies that claim.

{¶ 25} The trial court explained each count to Batke and informed him of the maximum time he could receive on each count, the effect of pleading guilty to gun specifications, and explained mandatory, discretionary, consecutive, and concurrent time to him. The trial court inquired about any medication Batke took and had a lengthy discussion with Batke about his medications and his mental illness diagnoses. The trial court inquired if Batke felt "well enough" and if he thought he could make "strong, good decisions for yourself," to which Batke replied, "Yes, your Honor." In its decision denying Batke's

motion to withdraw his guilty pleas, the trial court found that Batke was unable to show that prescription drugs caused him to be confused or "to be unable to rationally and coherently consider the offered plea bargain and answer correctly to the Court's questions in the plea inquiry. He assured the Court at the time that he had no such difficulties. He gave the Court no reason to question his comprehension at the time."

{¶ 26} Based on the record, we find no fault with the plea colloquy or that Batke did not understand the rights that he waived. We also do not find that Batke has shown that the medications he was taking at the time of the plea affected his judgment so that his plea was not knowingly and intelligently made.

{¶ 27} Batke additionally argues that the trial court should have allowed him to withdraw his plea because his original attorney told him he would receive "seven to nine, but no more than ten years" in prison if he pled guilty. At the hearing on his motion, Batke testified he took his attorney's "word for it because he's a personal friend of one of my friends." He explained to the trial court that if he had known that his sentence could exceed ten years, he would have taken his cases to trial.

{¶ 28} The trial court found that Batke presented no credible evidence tending to show he was promised or assured he would receive a certain sentence if he pleaded guilty and concluded that the record established no manifest injustice; it only evidenced Batke's "change of heart once he heard what his sentence was."

{¶ 29} We agree with the trial court; our review of the record shows nothing more than that Batke had a "change of heart" after he was sentenced. Once Batke received a sentence that was longer than he thought it should be, he began on a course to try and withdraw his plea. During his testimony, Batke admitted that his attorney did not guarantee him a certain sentence. And although Batke's sister testified that Batke's attorney thought he would receive less than ten years in prison if he pled guilty, she also admitted that his attorney never promised him a certain sentence.

{¶ 30} Our review of the record evidences no manifest injustice. Not only did the trial court hold a full hearing on the motion, it continued the matter twice so that defense counsel could gather and present additional information.

{¶ 31} Based on the foregoing, the trial court did not abuse its discretion when it denied Batke's post-sentence motion to withdraw his guilty pleas.

{¶ 32} The first assignment of error is overruled.

Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR