SMITH, APPELLANT, *v.* BUCHANAN, WARDEN, APPELLEE.

[Cite as *Smith v. Buchanan,* 138 Ohio St.3d 364, 2014-Ohio-459.]

*Habeas corpus—Res judicata and prior opportunity for appeal preclude relief—*
*Judgment denying writ affirmed.*

(No. 2013-0696—Submitted October 18, 2013—Decided February 13, 2014.)

APPEAL from the Court of Appeals for Noble County,

No. 13-NO-399, 2013-Ohio-1746.

_____

**Per Curiam.**

**{¶ 1}** General Smith appeals the denial of his habeas corpus petition. We find that Smith's claim is barred by res judicata and that even if it were not barred, he has failed to show that he is entitled to habeas relief. For these reasons, we affirm the judgment of the court of appeals.

*The 2003 Case*

**{¶ 2}** On December 5, 2003, Smith pled guilty to aggravated robbery with a firearm specification. As part of the plea agreement, the state voluntarily dismissed several other counts in the indictment, including a charge of attempting to possess a weapon while under disability. The trial court imposed a sentence of nine years for the robbery and one year for the firearm specification, to be served *consecutively*. *State v. Smith*, Franklin C.P. No. 03CR-3195 (Feb. 26, 2004). The court gave Smith 86 days of jail-time credit.

**{¶ 3}** Smith filed an appeal, in which he argued that the state violated his speedy-trial rights. The Tenth District Court of Appeals affirmed the conviction. *State v. Smith*, 10th Dist. Franklin No. 04AP-326 (Feb. 24, 2005). This court declined jurisdiction. *State v. Smith*, 106 Ohio St.3d 1463, 2005-Ohio-3490, 830 N.E.2d 1170.

**{¶ 4}** Smith then filed a motion to withdraw his guilty plea. The parties resolved the motion by agreement: Smith withdrew his guilty plea and instead pled guilty to aggravated robbery *without* a firearm specification and to one count of an attempt to have weapons while under a disability (a count that was dismissed in the first plea agreement). Pursuant to the new agreement, the court imposed a sentence of nine years on the first count and six months on the second, again to run consecutively. In other words, the agreement decreased Smith's sentence by six months.

**{¶ 5}** The trial court imposed the new sentence on December 6, 2007. The judgment entry indicated that Smith now had 1,825 days of jail credit.

**{¶ 6}** On December 1, 2008, the trial court granted Smith judicial release and placed him on community control for two years.

*The 2009 Case*

**{¶ 7}** Smith was subsequently indicted on four new charges. He pled guilty to attempted felonious assault, and the trial court sentenced him to four years in prison, to run consecutively to the sentence from the 2003 case. *State v. Smith*, Franklin C.P. No. 09CR-2547 (Jan. 27, 2010). The trial court filed a separate entry, revoking Smith's community-control release in the 2003 case and returning Smith to prison, with 2,312 days of jail credit. *Smith*, Franklin C.P. No. 03CR-3195 (Jan. 27, 2010).

**{¶ 8}** Smith appealed. He challenged his guilty plea in the 2009 case on a number of bases, which the Tenth District Court of Appeals rejected. *State v. Smith*, 10th Dist. Franklin Nos. 10AP-143 and 10AP-144, 2010-Ohio-4744.

**{¶ 9}** However, the appellate court found merit in one of Smith's assignments of error. Smith challenged the trial court's calculation of his jail-time credit when it revoked his community control. *Id*. at ¶ 28. He claimed that he was entitled to an additional 154 days of credit. *Id*. The appellate court

remanded for the trial court to recalculate Smith's jail-time credit. *Id*. at ¶ 31. The record does not indicate whether the recalculation was done.

{¶ 10} Smith sought review in this court, but this court declined to accept jurisdiction. *State v. Smith*, 127 Ohio St.3d 1536, 2011-Ohio-376, 940 N.E.2d 988.

*Smith's Habeas Corpus Action*

{¶ 11} Smith sought a writ of habeas corpus in the Seventh District Court of Appeals, arguing that his 2007 plea and resentencing are void and that he is therefore entitled to immediate release. The appellate court denied the writ because (1) Smith could not establish that he was entitled to immediate release even if he prevailed on the merits of his legal argument and (2) Smith had already pursued an adequate legal remedy to challenge the validity of his 2007 conviction and, having been unsuccessful, could not use habeas corpus to try again. *Smith v. Buchanan*, 7th Dist. Noble No. 13-NO-399, 2013-Ohio-1746, ¶ 9-11.

{¶ 12} Smith timely appealed to this court.

*Legal Analysis*

{¶ 13} Smith's claim is barred by res judicata. He has been litigating his argument for years in multiple courts, and each time he loses in one forum, he commences litigation on the same issue in another court.

{¶ 14} In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), this court held that Crim.R. 32.1 does not vest jurisdiction in a trial court to grant a motion to withdraw a guilty plea after the court of appeals has reviewed and affirmed the case. Based on *Special Prosecutors*, Smith argues that the trial court had no jurisdiction to accept his modified plea in 2007 or to resentence him.

{¶ 15} The Franklin County Court of Common Pleas has considered and rejected this argument twice. On February 3, 2011, Smith filed a motion to vacate his 2007 sentence based on *Special Prosecutors*. The trial court denied the

motion. *Smith*, Franklin C.P. No. 03CR-3195 (Oct. 5, 2011). On May 22, 2012, Smith filed a "common law motion to vacate void judgment" and again argued the applicability of *Special Prosecutors*. And again the trial court denied the motion. *Smith*, Franklin C.P. No. 03CR-3195 (June 14, 2012).

**{¶ 16}** The Tenth District Court of Appeals has denied motions to vacate Smith's 2003 sentence based on *Special Prosecutors* at least three times: *State v. Smith*, 10th Dist. Franklin Nos. 10AP-143 and 10AP-144 (Apr. 26, 2011), ¶ 3; *State v. Smith*, 10th Dist. Franklin No. 10AP-143 (June 28, 2011); *State v. Smith*, 10th Dist. Franklin Nos. 12AP-532 and 12AP-533 (Mar. 19, 2013).

**{¶ 17}** The Seventh District Court of Appeals has considered this argument twice. In addition to the order from which Smith now appeals, that court previously ruled against him on the *Special Prosecutors* argument in 2012, stating that he had already challenged the validity of his 2007 conviction in an appeal and thus could not relitigate its validity in a habeas corpus action. *Smith v. State*, 7th Dist. Noble No. 11-NO-384, 2012-Ohio-1148, ¶ 11.

**{¶ 18}** In addition to multiple appeals to this court, Smith has commenced two prior original actions seeking writs of prohibition in this court, based on the same legal theory. The first, *Smith v. Sheward*, 130 Ohio St.3d 1483, 2011-Ohio-6277, 958 N.E.2d 175, he voluntarily dismissed. This court dismissed the second case, *Smith v. Sheward*, 131 Ohio St.3d 1454, 2012-Ohio-648, 961 N.E.2d 1133, on the merits. That dismissal operates as a judgment on the merits. *See State ex rel. O'Donnell v. Vogelgesang*, 91 Ohio App.3d 585, 587-588, 632 N.E.2d 1367 (12th Dist.1993).

**{¶ 19}** In its 2013 decision, the Tenth District Court of Appeals expressed the view that "any further challenges to the validity of those judgments would likely be frivolous in nature." *Smith*, 10th Dist. Franklin Nos. 12AP-532 and 12AP-533, at ¶ 25. And in the order appealed from in this case, the Seventh

District expressly commented that Smith already had multiple opportunities to litigate his *Special Prosecutors* claim. *Smith v. Buchanan*, 2013-Ohio-1746, ¶ 11.

{¶ 20} Smith has had ample opportunity to litigate this claim, and res judicata now bars his latest attempt.

{¶ 21} We affirm the judgment of the Seventh District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

General Smith III, pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____