[Cite as *State v. Aquila*, 2016-Ohio-5140.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 103889

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS AQUILA II

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-97-353950-ZA

**BEFORE:**    Blackmon, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**    July 28, 2016

**ATTORNEY FOR APPELLANT**

Daniel J. Misiewicz
Law Office of Daniel J. Misiewicz
614 W. Superior Avenue
Suite 1300
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Thomas Aquila II ("Aquila") appeals the trial court's denial of his motion to withdraw his guilty plea and assigns the following error for our review:

I.   The trial court erred in denying appellant's motion to withdraw his guilty plea because appellant has suffered a manifest injustice.

**{¶2}** Having reviewed the record and pertinent law, we affirm Aquila's conviction.   The apposite facts follow.

**{¶3}** In August 1997, the Cuyahoga County Grand Jury indicted Aquila for aggravated murder and abuse of a corpse.   The charges arose from Aquila strangling the victim with a belt and attempting to burn the body.

**{¶4}** In November 1997, Aquila entered a plea to an amended count of murder. The abuse of the corpse count was dismissed.   The trial court sentenced Aquila to "life in prison without the possibility of parole for 15 years."   Aquila did not file an appeal.   On February 29, 2009, the trial court entered an order stating that it had advised Aquila at his sentencing that he was subject to a mandatory five years of postrelease control but had neglected to include it in the sentencing entry.

**{¶5}** After Aquila served 15 years of his sentence, he was brought before the parole board.   The parole board sent notice to the trial court.   The trial court informed the parole board as follows:

The court is in receipt of the Ohio Adult Parole Authority's 3/22/12 notice

of offender's hearing before the parole board.   The court imposed sentence

after due consideration of all relevant factors and opposes any reduction or

modification of sentence by the Ohio Parole Board from that which was imposed.

April 6, 2012, Journal Entry.

{¶6} On September 10, 2015, Aquila filed a pro se motion to withdraw his guilty plea. He contended that the trial court erred by imposing five years of postrelease control because his sentence was indefinite. Aquila also stated that the trial court breached the plea agreement by opposing his parole. Aquila contended the possibility of parole was his only inducement in pleading guilty.

{¶7} On November 4, 2015, Aquila's appointed counsel filed a motion to correct an illegal sentence arguing that the trial court erred by imposing postrelease control because Aquila's 15 years to life in prison constituted an indefinite sentence.

{¶8} On November 16, 2015, the trial court conducted a hearing regarding the motions. The trial court granted Aquila's motion to correct an illegal sentence and entered a nunc pro tunc entry removing the imposition of postrelease control. In a separate entry, the trial court denied Aquila's motion to withdraw his guilty plea after concluding Aquila had not shown a "manifest injustice, per [R.C.] 5149.101(B)."

## Denial of Motion to Withdraw Guilty Plea

{¶9} In his sole assigned error, Aquila argues that the trial court erred by denying his motion to withdraw his guilty plea.

{¶10} Pursuant to Crim.R. 32.1, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice." *State v. Bell*, 8th Dist. Cuyahoga No. 87727, 2007-Ohio-3276, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The individual seeking vacation of the plea bears the burden of establishing the existence of a "manifest injustice." *Smith* at paragraph one of syllabus.

{¶11} "Manifest injustice" is an extremely high standard that permits the court to allow a plea withdrawal only in "extraordinary cases." *State v. Malone*, 8th Dist. Cuyahoga No. 91439, 2009-Ohio-1364, citing *State v. Herrera*, 3d Dist. Allen No. 1-01-126, 2001-Ohio-2341. A manifest injustice is defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).

{¶12} A postsentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court. *State v. Blatnik,* 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984). Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Aquila has failed to demonstrate that the trial court's denial of his motion to withdraw his plea was an abuse of discretion.

{¶13} Aquila maintains that the trial court's opposition to his receiving parole modified the sentence that was subject of the plea. Although the state argues otherwise, we agree with Aquila that the trial court's statement to the parole board was a statement against him receiving parole. Nonetheless, the trial court's opposition to Aquila receiving parole did not change the sentence that Aquila had agreed to as part of his plea.

**{¶14}** Aquila agreed to and was sentenced to "life in prison without the possibility of parole for 15 years." According to that sentence, parole was only a "possibility at 15 years." We would conclude otherwise if the trial court at the plea hearing had promised to not oppose parole after 15 years. However, our review of the plea hearing transcript shows the trial court did not become involved in the plea agreement and made no representation that it would recommend parole.

**{¶15}** Aquila also argues that the trial court erred by referencing R.C. 5149.101(B) in denying his motion because that section applies to the trial court's providing a "written statement" to the parole board when there is a full board hearing, and a full board hearing was not conducted in the instant case. The trial court's referencing the wrong statutory authority did not result in a manifest injustice when the trial court's entry did nothing to change the agreed- upon sentence.

**{¶16}** Aquila also argues that the trial court's order in the instant case fails to contain a statement of facts as required by R.C. 2967.03. Although the trial court's response to the parole board does not contain a statement of facts as required by the statute, the statute does not provide a remedy for noncompliance. Clearly, the failure to comply with the statute does not result in a manifest injustice that would require the vacation of a plea. Accordingly, Aquila's assigned error is overruled.

**{¶17}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR