[Cite as *State v. Jones*, 2019-Ohio-4892.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellee,          :

     v.                           :

LEE JONES,                              :

     Defendant-Appellant.         :

No. 108226

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 27, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-590112-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

John T. Forristal, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Lee Jones appeals the latest denial of a postsentence motion to withdraw a guilty plea under Crim.R. 32.1, which was filed with the trial court on November 30, 2018. For the following reasons, we affirm.

{¶ 2} This is Jones's second appeal from his January 2016 conviction, in which he pleaded guilty to a single rape count. *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 1. In January 2016, after being sentenced but before the trial court journalized the final entry of conviction, Jones filed a pro se motion to withdraw his guilty plea, claiming that his trial attorney coerced Jones into a guilty plea by misrepresenting the potential sentence. This is treated as a postsentence motion to withdraw a plea. *State v. Batke*, 8th Dist. Cuyahoga Nos. 95947 and 95948, 2011-Ohio-4636, ¶ 12; *State v. Maye*, 6th Dist. Huron No. H-14-005, 2015-Ohio-1680, ¶ 10. Jones did not address this motion in the direct appeal. After the direct appeal from his final conviction ended with an affirmance, Jones filed a second motion to withdraw his guilty plea under Crim.R. 32.1 advancing the same ineffective-assistance-of-counsel claim advanced well over two years earlier — a factor weighing against granting relief in and of itself. *See, e.g., State v. Gripper*, 10th Dist. Franklin No. 10AP-1186, 2011-Ohio-3656, ¶ 8. Jones appealed the latest decision.

{¶ 3} Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden of proof, and the postsentence withdrawal of a guilty plea is available only in extraordinary cases to correct a manifest injustice. *State v. Dent*, 8th Dist. Cuyahoga No. 100605, 2014-Ohio-3141, ¶ 3-4; *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977); *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502. We review the trial

court's decision under an abuse-of-discretion standard. *Smith* at 264; *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). In order to consider a motion filed under Crim.R. 32.1, however, the trial court must possess jurisdiction to vacate the conviction.

{¶ 4} It is well settled that a trial court lacks jurisdiction to consider a motion to vacate a guilty plea under Crim.R. 32.1 after a court of appeals has reviewed and affirmed the conviction in a direct appeal. *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978); *Smith v. Buchanan*, 138 Ohio St.3d 364, 2014-Ohio-459, 7 N.E.3d 1134, ¶ 14; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 61-62; *State v. Nicholson*, 8th Dist. Cuyahoga No. 97567, 2012-Ohio-1550, ¶ 9-10; *State v. Vild*, 8th Dist. Cuyahoga Nos. 87742 and 87965, 2007-Ohio-987, ¶ 12; *State v. Davie*, 9th Dist. Summit No. 27961, 2016-Ohio-2816, ¶ 12; *State v. Enyart*, 10th Dist. Franklin No. 17AP-507, 2018-Ohio-1071, ¶ 12. Crim.R. 32.1 "does not 'vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and affirmance by the appellate court.'" *State v. Parker*, 8th Dist. Cuyahoga No. 106062, 2018-Ohio-1847, ¶ 7, quoting *Special Prosecutors* at 97.

{¶ 5} Jones's conviction in the underlying case was affirmed in *Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, and incidentally that included any challenges to his guilty plea that were or could have been timely raised. Accordingly,

and in light of the unsuccessful direct appeal, the trial court lacked jurisdiction to consider Jones's motion to withdraw the guilty plea under Crim.R. 32.1.[1]

{¶ 6} The jurisdictional barrier to the trial court's consideration of the merits of Jones's motion to withdraw his guilty plea precludes us from concluding that the trial court abused its discretion in denying Jones's motion filed under Crim.R. 32.1. We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

---

[1] In addition, we cannot construe the current motion as one over which the trial court does retain jurisdiction. Jones had only two options to invoke the trial court's continuing jurisdiction at this stage in the proceedings: file a motion to vacate a void conviction, or file a successive or belated petition for postconviction relief. Neither of those is a viable option. R.C. 2953.23 permits a successive or belated petition for postconviction relief only if the defendant was unavoidably prevented from discovering facts upon which the petition must rely that would have affected the verdict at trial, or if the "United States Supreme Court recognized a new federal or state right that applies retroactively[,]" and there is no argument being advanced that Jones's conviction is void as a matter of law.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR