[Cite as *State v. Howard*, 2011-Ohio-6434.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96701**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES HOWARD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545510

**BEFORE:**    Blackmon, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:**    December 15, 2011

-i-

**ATTORNEY FOR APPELLANT**

Donald R. Murphy
12800 Shaker Boulevard
Cleveland, Ohio 44120

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Kristin M. Karkutt
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶ 1}** Appellant Charles Howard appeals the trial court's acceptance of his guilty plea and assigns the following error for our review:

> **"Appellant's guilty plea was not knowingly and intelligently entered in compliance with Criminal Rule 11(C)(2)(a), and 11(C)(2)(b)."**

**{¶ 2}** Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

**{¶ 3}** On December 29, 2010, a Cuyahoga County Grand Jury indicted Howard, along with codefendants Jeremiah Hall and Dewan Powell with attempted murder, felonious assault, aggravated robbery, and kidnapping, with one and three-year firearm specifications attached to all counts. The grand jury also indicted Howard and his

codefendants with petty theft, carrying a concealed weapon, vandalism, and obstructing official business. On January 13, 2011, Howard pleaded not guilty at his arraignment, and several pretrials followed.

{¶ 4} On March 8, 2011, pursuant to a plea agreement with the state, Howard pleaded guilty to one count of aggravated robbery, with the one and three-year firearm specifications attached, and carrying a concealed weapon. On April 28, 2011, the trial court sentenced Howard to nine years for aggravated robbery, consecutive to the attached three-year firearm specification, and one year for carrying a concealed weapon. The trial court ordered consecutive sentences for an aggregate prison term of 13 years.

### Guilty Plea: Knowingly, Intelligently, and Voluntarily

{¶ 5} In the sole assigned error, Howard argues his guilty pleas were not knowingly, intelligently, and voluntarily entered, as required by Crim.R. 11. We disagree.

{¶ 6} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Davis*, Cuyahoga App. No. 95016, 2011-Ohio-2514, citing *State v. Ballard* (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115. The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. *State v. Cardwell*, Cuyahoga App. No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). Id.

{¶ 7}  Crim.R. 11(C)(2) provides in pertinent part that in felony cases the court may refuse to accept and shall not accept a plea of guilty without first addressing the defendant personally and doing all of the following:

> **"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**
>
> **"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**
>
> **"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."**

{¶ 8}  A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶18. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which,

in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *Ballard*, paragraph two of the syllabus.

{¶ 9}   With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Veney* at ¶14–17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *Stewart*, 51 Ohio St.2d 86. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger* (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959.

{¶ 10} Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney*, 120 Ohio St.3d at ¶17. The test for prejudice is whether the plea would have otherwise been made. Id.; see, also, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶ 11} In the instant case, Howard asserts that his guilty pleas were rendered unknowingly and involuntarily because there was a discrepancy regarding the plea offer prior to the hearing.   Pertinent to Howard's post-sentence assertions, the following exchange took place:

"**The Court:** * * * We have - - the only defendant we have a discrepancy with right now is Mr. Howard. You are telling me Count 4, Count 8. Mr. McGowan is saying Count 4.

"**Mr. McGowan:** Just to one Count.

"**Ms. Karkutt:** No. I just spread it on the record as to what it was. That is what it was marked to is the agg rob with CCW.

"**The Court:** CCW, there's no consecutive - - mandatory consecutive time there.

"**Ms. Karkutt:** And that's - - the State in all honesty wouldn't be seeking - -

"**Mr. McGowan:** I was - - I had reviewed it based upon a voice mail. I just - - either it cut off or I don't recall it, but it - -

"**The Court:** Okay.

"**Mr. McGowan:** Your Honor, I believe my client is prepared to enter into the plea as outlined by the prosecution. I have received full discovery from the prosecutor's office. I have reviewed the facts and circumstances with my client. After doing so, there appears to be a factual basis for this plea. My client is not under the influence of alcohol or drugs today. He indicated to me he's willing to enter into this plea. I believe any plea that he would enter into would be of his own free will, knowledgeably entered into. I respectfully request this Court would accept the plea as outlined by the prosecution. In the event that my client does enter a plea, I would respectfully request the Court would accept it." Tr. 13-15.

{¶ 12} Here, despite Howard's present assertions, a review of the record indicates that the trial court adhered to Crim.R. 11. At the plea hearing, the state set forth the charges, maximum penalty, and plea discussions on the record. The above excerpt

established that the state had provided full discovery to Howard through his defense counsel, that defense counsel had discussed the same with Howard, and Howard knew and understood the charges, and was willing to plea.

{¶ 13} Following the above quoted exchange, the trial court engaged Howard in a Crim.R. 11 colloquy. During the colloquy, Howard affirmatively expressed that he understood his rights, and that he understood he was giving up those rights by entering a guilty plea. Howard also affirmatively expressed that he understood the nature of the charges and the maximum penalties the court could impose.

{¶ 14} In addition, Howard indicated he was not under the influence of drugs, alcohol, or medication that affected his judgment. Further, Howard stated that no threats or promises had been made to induce his pleas and that he was satisfied with his attorney's representation. Finally, when asked, Howard admitted that he was in fact guilty of the offenses. Tr. 27.

{¶ 15} We conclude, the trial court strictly complied with the requirements of Crim.R. 11(C) in accepting Howard's guilty pleas. The record indicates that Howard knowingly, intelligently, and voluntarily entered his guilty pleas. Accordingly, we overrule the sole assigned error.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR