[Cite as *State v. Taylor*, 2016-Ohio-7894.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104243**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONELLE TAYLOR

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-580285-A and CR-14-591206-A

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** November 23, 2016

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
55 Public Square, Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Melissa Riley
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Ronelle Taylor, appeals his sentence following a guilty plea. For the reasons that follow, we affirm.

{¶2} In December 2013, Taylor was indicted under Cuyahoga C.P. No. CR-13-580285 with four counts of drug trafficking, three counts of drug possession, and one count of possessing criminal tools. All charges were felonies of the fifth degree. In December 2014, Taylor was named in a five-count indictment filed under Cuyahoga C.P. No. CR-14-591206, charging him with drug trafficking with a juvenile specification (first-degree felony), drug possession (second-degree felony), possessing criminal tools (fifth-degree felony), and two counts of endangering children (first-degree misdemeanors).

{¶3} Taylor entered into a plea agreement in both cases. In Case No. CR-13-580285, he pleaded guilty to two counts of drug trafficking and possessing criminal tools. In Case No. CR-14-591206, Taylor pleaded guilty to an amended count of drug trafficking, which carried a mandatory prison sentence, and one count of endangering children. All remaining charges in both cases were dismissed.

{¶4} In Case No. CR-13-580285, Taylor was sentenced to one year in prison on all three counts, to run concurrently to each other. In Case No. CR-14-591206, the court imposed a seven-year sentence on the drug trafficking offense, and to time served on the endangering children offense. The trial court ordered the sentences in both cases to run consecutively to each other, for a total prison term of eight years.

**{¶5}** In his delayed appeal, Taylor raises two assignments of error.

## I. Consecutive Sentences

**{¶6}** In his first assignment of error, Taylor contends that the trial court erred and lacked sufficient justification to impose consecutive sentences. Specifically, he asks this court to find that the record does not support the trial court's finding that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public.

**{¶7}** R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

**{¶8}** R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

**{¶10}** In this case, the trial court made the requisite R.C. 2929.14(C)(4) findings in support of its imposition of consecutive sentences. Additionally, the record supports these findings.

**{¶11}** In making the first finding, the court stated that it was

[r]unning the cases consecutively because I believe that it's necessary to protect the public from future crime. Being a heroin salesman has created a major epidemic and caused many, many deaths in our community. I also consider consecutive sentences necessary to punish you. Other judges have

given you as much as four years.  It didn't stop you from selling dangerous drugs to our community.

(Tr. 134.)

**{¶12}** In making the second finding, the trial court stated that consecutive sentences are "not disproportionate to the seriousness of your conduct.  As I 've said, it's caused many deaths in our community, heroin has."  (Tr. at *id*.)  Furthermore, during the sentencing colloquy, the trial court noted that Taylor had been in prison approximately five times for drug offenses, with the first yielding a six-month sentence, and the most recent being a four-year sentence.  (Tr. 129.)  The court noted that the prison terms did not "teach [Taylor] anything" because he continued in his course of conduct when he was subsequently charged with additional drug-related offenses.  The court stated that his prior four-year prison sentence did not teach him anything — "You come out, you continue to sell drugs in our neighborhoods.  You continue to be a monster.  You steal people's lives and futures.  You steal people's children or you steal people's parents or spouses because you steal their futures, don't you?"  (Tr.130.)

**{¶13}** Finally, the trial court satisfied the third finding by noting that for at least in Case No. CR-13-580285, he was on postrelease control when he committed the offenses. Additionally, the court stated that

> at least two or more of these offenses were committed as one course of conduct, a continuing course of conduct of selling heroin and other dangerous drugs to our community.  And, of course, the history of your criminal conduct, which I've gone over, demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

(Tr. 135.)

**{¶14}** Accordingly, we conclude that the trial court made the appropriate consecutive sentence findings and engaged in the analysis required under R.C. 2929.14(C)(4). We cannot "clearly and convincingly" find that the record does not support the court's findings. However, the matter is remanded to the trial court for the court to issue a new sentencing journal entry, nunc pro tunc, to incorporate in the journal entry the statutory findings the trial court made at sentencing. *See Bonnell* at syllabus. Taylor's first assignment of error is overruled.

## II. Sentencing Comments

**{¶15}** After the trial court reviewed Taylor's extensive criminal history, which was mostly drug-related offenses dating from 1999, lack of employment history, lack of education, and continued course of selling drugs, the trial court noted that the shortened prison sentences that he received previously did not teach him anything. Instead, he continued to sell drugs in the neighborhoods and continued to be a "monster." (Tr. 130, 133.)

**{¶16}** In his second assignment of error, Taylor contends that the trial court abdicated its neutral function when it concluded that Taylor was a "monster" and sentenced him accordingly. Taylor contends that the trial court's characterization of him as a monster deprived him of a fair sentence.

**{¶17}** "Canon 3 of the Code of Judicial Conduct states that '[a] judge shall perform the duties of judicial office impartially and diligently.'" *State v. Bonnell*, 8th Dist. Cuyahoga No. 91785, 2009-Ohio-2721, ¶ 6.

"The term 'bias or prejudice,' when used in reference to a judge, 'implies a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'

*Id*., quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus.

{¶18} In *Bonnell*, this court addressed a similar scenario in where the trial judge allegedly referred to Bonnell as a "monster" in off-the-record proceedings before sentencing — remarks that were not acknowledged by the trial judge. This court concluded that the trial court's characterization of Bonnell as a "monster" did not prove that the judge was biased or partial when the record showed that the trial judge was acquainted with the facts of the case, had the benefit of a presentence report and sentencing memorandum, and considered the statements made by all parties. This court held that while the judge should have kept her impression of Bonnell to herself, the record did not support that the imposed sentence was inherently unfair. *Id*. at ¶ 9

{¶19} Much like in *Bonnell*, the record here does not support that the sentence imposed was unfair. The trial judge presided over both proceedings for over a year, was acquainted with the facts of the case, had the benefit of reviewing the presentence investigation report, and heard statements from the prosecutor, defense counsel, and Taylor. The sentencing colloquy between the trial judge and Taylor was considerable, where Taylor admitted that the prison sentences previously imposed did not deter his continued conduct of selling drugs, including heroin. The trial court's use of the term

"monster" was made after the court considered all the facts, including mitigation evidence. The record does not support that the trial court acted with bias or prejudice when it characterized Taylor as a monster; the record supports the trial court's decision to impose more than the mandatory minimum sentence was based on Taylor's criminal history and undeterred conduct.

**{¶20}** However, as admonished in *Bonnell*, trial judges should keep their personal characterizations of a defendant or of a defendant's conduct to themself "rather than open [themself] to the kind of complaint raised in this appeal." *Id.* at ¶ 8.

**{¶21}** Taylor's second assignment of error is overruled.

**{¶22}** Judgment affirmed; remanded for the issuance of a nunc pro tunc sentencing journal entry.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR