MELODY J. STEWART, J.:
 

 {¶ 1} Defendant-appellant DeWayne Thomas and six codefendants were named in a 25-count indictment on a fraudulent check scheme perpetrated against multiple defendants. Thomas pleaded guilty to 18 of the counts, including 10 counts of forgery. The court sentenced him to a total of five years in prison and ordered him to pay restitution in the amount of $5,941.38. In his three assignments of error, Thomas challenges his sentence, his restitution order, and the imposition of court costs. For the reasons that follow, we affirm the trial court's decision.
 

 {¶ 2} In his first assignment of error, Thomas argues that some of his convictions should have merged for purposes of sentencing.
 
 See
 
 R.C. 2941.25(A). He complains that each forgery count in violation of R.C. 2913.31(A)(2) is allied with
 each respective forgery count in violation of R.C. 2913.31(A)(3), and thus should have been merged at sentencing. Thomas failed to raise the issue of allied offenses before the trial court. He has, therefore, forfeited the right to raise the issue now on appeal except for plain error.
 
 State v. Rogers
 
 ,
 
 143 Ohio St.3d 385
 
 ,
 
 2015-Ohio-2459
 
 ,
 
 38 N.E.3d 860
 
 , ¶ 21-22.
 

 {¶ 3} The burden is on the appellant to affirmatively demonstrate plain error on the record: "a deviation from a legal rule" constituting "an 'obvious' defect in the trial court proceedings" and a reasonable probability that it resulted in prejudice.
 

 Id.
 

 , quoting
 
 State v. Quarterman
 
 ,
 
 140 Ohio St.3d 464
 
 ,
 
 2014-Ohio-4034
 
 ,
 
 19 N.E.3d 900
 
 , ¶ 16. This court has discretion to correct any " 'plain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court."
 
 Id.
 
 at ¶ 22, quoting Crim.R. 52(B). Even after a plain error is established, this court is not required to correct it; to the contrary, the Supreme Court has circumscribed this court's ability to notice plain errors to "exceptional circumstances," and then only to prevent a "manifest miscarriage of justice."
 
 Id.
 
 at ¶ 23, quoting
 
 State v. Barnes
 
 ,
 
 94 Ohio St.3d 21
 
 , 27,
 
 759 N.E.2d 1240
 
 (2002).
 

 {¶ 4} Thomas cites
 
 State v. Underwood
 
 ,
 
 124 Ohio St.3d 365
 
 ,
 
 2010-Ohio-1
 
 ,
 
 922 N.E.2d 923
 
 , ¶ 31, for the proposition that it is plain error when a trial court does not account for allied offenses that are clearly present on the record. As Thomas notes, in
 
 Underwood
 
 , the state agreed that "[t]he two counts * * * would be considered allied offenses of similar import and would require the Court to sentence the defendant to only one of the thefts."
 
 Id.
 
 at ¶ 5. The facts here differ from
 
 Underwood
 
 in that the state has made no such concession. Contrary to
 
 Underwood
 
 , there is no discussion of allied offenses anywhere on the record in this case. As such, Thomas cannot meet his burden of affirmatively demonstrating plain error. Finding no merit to his argument, we overrule his first assignment of error.
 

 {¶ 5} In his second assigned error, Thomas complains about the amount of restitution he was ordered to pay. At sentencing, Thomas did not dispute either the court's order that he pay restitution or the amount he was ordered to pay. Now on appeal, Thomas argues for the first time that the trial court erred by not apportioning the amount of restitution between codefendants. By not making his argument to the trial court, Thomas once again forfeits all but plain error on appeal.
 
 See
 

 State v. Pollard
 
 , 8th Dist. Cuyahoga No. 97166,
 
 2012-Ohio-1196
 
 ,
 
 2012 WL 986306
 
 , ¶ 8.
 

 {¶ 6} R.C. 2929.18(A)(1) provides that the amount of restitution a court orders "shall not exceed the amount of economic loss suffered by the victim." Thomas has not demonstrated on the record that the trial court violated this provision. To the contrary, Thomas seems to confirm that the court followed the law: in his brief he states that his restitution order is for the "full amount of loss." Thomas's claims about what his codefendants were or were not ordered to pay as restitution are unsubstantiated and outside of the record. As such, Thomas has not met his burden of establishing any plain error.
 
 See
 

 Rogers
 
 ,
 
 143 Ohio St.3d 385
 
 ,
 
 2015-Ohio-2459
 
 ,
 
 38 N.E.3d 860
 
 , at ¶ 22. Accordingly, we overrule this assigned error.
 

 {¶ 7} In his third and final assignment of error, Thomas argues that the court erred by imposing the cost of prosecution "outside of his presence." R.C. 2947.23(A)(1)(a) requires that all criminal defendants pay for the cost of prosecution.
 

 The transcript reflects that the trial court did not impose court costs on Thomas during his sentencing hearing; however, the journal entry confirms that the court did, nevertheless impose costs. Because of this, Thomas complains that he did not have the opportunity to seek waiver of court costs. Citing to
 
 State v. Joseph
 
 ,
 
 125 Ohio St.3d 76
 
 ,
 
 2010-Ohio-954
 
 ,
 
 926 N.E.2d 278
 
 , Thomas argues that the court committed reversible error under Crim.R.43(A), which provides that a defendant be physically present at every stage of the criminal proceeding.
 

 {¶ 8} In
 
 Joseph
 
 , the Supreme Court held that the trial court's failure to notify the defendant that it was imposing court costs was reversible error because "he was denied the opportunity to claim indigency and seek a waiver of the payment of court costs before the trial court."
 
 Joseph
 
 at ¶ 22. The Supreme Court therefore remanded the case "for the limited purpose" of allowing the defendant to move for a waiver of court costs.
 
 Id.
 
 at ¶ 23.
 

 {¶ 9} Subsequent to
 
 Joseph
 
 , R.C. 2947.23 was amended to include subdivision (C), which provides that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." 2011 Am.Sub.H.B. 247. The amendment to R.C. 2947.23 notwithstanding, this court has addressed the imposition of court costs outside the defendant's presence and found reversible error.
 
 See
 

 State v. Rudd
 
 , 8th Dist. Cuyahoga No. 102754,
 
 2016-Ohio-106
 
 ,
 
 2016 WL 193495
 
 , ¶ 84-88.
 

 {¶ 10} In
 
 Rudd,
 
 the court failed to impose court costs at the sentencing hearing, however ordered the defendant to pay costs in the journal entry.
 
 Id.
 
 at ¶ 87. On appeal, the defendant argued that the court erred by failing to advise him that it imposed court costs at sentencing.
 
 Id.
 
 at ¶ 84. The state conceded this error.
 
 Id.
 
 This court agreed, reversing and remanding for the "limited purpose to allow [the defendant] to move the trial court for a waiver of payment of court costs."
 
 Id.
 
 at ¶ 87.
 

 {¶ 11} Similar to
 
 Rudd
 
 , a review of the record in this case shows that the court imposed costs in the journal entry but not at sentencing. Also similar to
 
 Rudd
 
 , the state concedes that the trial court erred by failing to address costs during sentencing. However, here the state maintains that such error is harmless.
 

 {¶ 12} "Harmless" error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights." Crim.R. 52. "The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."
 
 State v. Davis
 
 ,
 
 116 Ohio St.3d 404
 
 ,
 
 2008-Ohio-2
 
 ,
 
 880 N.E.2d 31
 
 , ¶ 90, quoting
 
 Snyder v. Massachusetts,
 

 291 U.S. 97
 
 , 107-108,
 
 54 S.Ct. 330
 
 ,
 
 78 L.Ed. 674
 
 (1934),
 
 overruled on other grounds,
 

 Duncan v. Louisiana
 
 ,
 
 391 U.S. 145
 
 , 154,
 
 88 S.Ct. 1444
 
 ,
 
 20 L.Ed.2d 491
 
 (1968), and
 
 Malloy v. Hogan
 
 ,
 
 378 U.S. 1
 
 , 2,
 
 84 S.Ct. 1489
 
 ,
 
 12 L.Ed.2d 653
 
 (1964), fn. 1.
 

 {¶ 13} Crim.R. 43(A) violations are subject to harmless error analysis.
 
 See
 

 State v. Williams
 
 ,
 
 6 Ohio St.3d 281
 
 , 287,
 
 452 N.E.2d 1323
 
 (1983) (defendant not present at voir dire was harmless violation of CrimR. 43(A) );
 
 State v. McCollins
 
 , 8th Dist. Cuyahoga No. 95486,
 
 2011-Ohio-2398
 
 ,
 
 2011 WL 1947229
 
 , ¶ 7 ("[D]efendant's absence in violation of Crim.R. 43(A), although improper, can constitute harmless error when he suffers no prejudice.").
 
 Rudd
 
 did not address harmless error likely because of the state's concession to remand for resentencing.
 

 {¶ 14} Unlike the defendant in
 
 Joseph
 
 , Thomas has not suffered any prejudice. Because the trial court "retains jurisdiction to waive * * * the payment of costs * * * at the time of sentencing or at any time thereafter," R.C. 2947.23(C) provides Thomas with the opportunity to seek waiver "at any time." In fact, the record shows that Thomas has indeed moved the court for waiver. Subsequent to filing his notice of appeal, and currently pending in the trial court, is Thomas's "motion to vacate/waive court costs and fines or implement a payment plan upon release pursuant to R.C. 2947.23."
 

 {¶ 15} Because the trial court retains jurisdiction over Thomas's court costs, the protection established by the Supreme Court's decision in
 
 Joseph
 
 is no longer necessary. The trial court's error in failing to assess court costs at sentencing did not prejudice Thomas. The error is therefore harmless.
 
 See
 
 Crim.R. 52(A).
 

 {¶ 16} Judgment affirmed.
 

 MARY J. BOYLE, J., CONCURS;
 

 KATHLEEN ANN KEOUGH, A.J., CONCURRING IN PART AND DISSENTING IN PART WITH SEPARATE OPINION