[Cite as *State v. Taylor*, 2017-Ohio-9270.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
EN BANC
**No. 104243**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONELLE TAYLOR

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION FOR REOPENING GRANTED IN PART AND
DENIED IN PART (MOTION NO. 504514); AFFIRMED IN PART,
REVERSED IN PART, AND REMANDED

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-13-580285-A and CR-14-591206-A
Application for Reopening
Motion No. 504514

**BEFORE:** En Banc Court
**RELEASED AND JOURNALIZED:** December 28, 2017

**APPELLANT**

Ronnelle Taylor, pro se
Inmate No. 670688
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Melissa Riley
       Brett Hammond
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

**{¶1}** This matter came before the court on Ronelle Taylor's application to reopen his direct appeal, based in part, on counsel's failure to appeal the imposition of court costs. In resolving this issue, the en banc court determined that a conflict exists between decisions in this district on the question of whether the trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitutes reversible error or harmless error. *Compare State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99 (reversible error); *State v. Rudd*, 8th Dist. Cuyahoga No. 102754, 2016-Ohio-106 (reversible error); *State v. Elder*, 8th Dist. Cuyahoga No. 104392 (reversible error); *State v. Grant*, 8th Dist. Cuyahoga No. 100497, 2014-Ohio-2656 (reversible error), with *State v. Thomas*, 8th Dist. Cuyahoga No. 104567, 2017-Ohio-4436 (harmless error); *State v. Nelson*, 8th Dist. Cuyahoga No. 104795, 2017-Ohio-6883 (harmless error). We took en banc consideration of this matter sua sponte and convened an en banc conference in accordance with App.R. 26, Loc.App.R. 26, and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672.

**Decision of the En Banc Court:**

**{¶2}** It is the opinion of the en banc court that the trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitutes reversible error.

**{¶3}** It is axiomatic that a criminal defendant has a fundamental right to be present at all critical stages of his criminal trial, including the imposition of sentence. Section 10,

Article I, Ohio Constitution, Crim.R. 43(A); *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864. R.C. 2947.23 provides that "in all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution, * * * and render a judgment against the defendant for such costs." Accordingly, it is error for a trial court to order the payment of court costs in the judgment entry of conviction when it did not advise the defendant during the sentencing hearing that costs would be imposed.

{¶4} However, a violation of Crim.R. 43(A) does not necessarily always result in prejudicial or constitutional error. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31. "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id*. Thus, the defendant's absence in violation of Crim.R. 43(A), although improper, can constitute harmless error where he suffers no prejudice. *State v. Williams*, 6 Ohio St.3d 281, 452 N.E.2d 1323 (1983), *see also State v. Armas*, 12th Dist. Clermont No. CA2004-01-007, 2005-Ohio-2793 (a violation of Crim.R. 43(A) is not a structural error; therefore, it is subject to the harmless error analysis).

{¶5} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court considered the issue of whether a trial court can impose court costs pursuant to R.C. 2947.23 in its sentencing entry when it did not impose those costs in open court at the sentencing hearing and whether a defendant suffers prejudice.

{¶6} In analyzing the issue, the court explained that it previously held that a motion to waive costs by a defendant must be made at the time of sentencing or the issue

was waived and costs would be considered res judicata. *Id.* at ¶ 12, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. The court reasoned that if a trial court did not orally notify a defendant about costs at the sentencing hearing, it deprived a defendant of the opportunity to request that the court waive costs. *Id.* at ¶ 13. The court expressly rejected the state's argument that any error by the defendant was harmless — "Joseph was harmed here. He was denied the opportunity to claim indigency and seek a waiver of the payment of court costs before the trial court. He should have had that chance." *Id.* at ¶ 22.

{¶7} Accordingly, the Ohio Supreme Court held that it was reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing, and that the proper remedy is to reverse the imposition of costs and remand to the trial court for the limited purpose of allowing the defendant to move for a waiver of court costs. *Id.* at ¶ 23.

{¶8} Subsequent to *Joseph*, the General Assembly amended R.C. 2947.23 in Am.Sub.H.B. 247, effective March 22, 2013.[1] The Ohio legislature added a new

---

[1]The Joint Committee to Study Court Costs and Filing Fees was created in 2007 by the Ohio General Assembly in Sub.H.B. 336 of the 126th General Assembly to study court costs and filing fees. As a result of the study, the committee developed recommendations, including a recommendation to the General Assembly to amend R.C. 2947.23:

> 5. The General Assembly should amend current law to give trial courts the statutory authority to suspend the imposition or payment of costs after the court has imposed sentence.

> In *State v. Clevenger*, 114 Ohio St.3d 258 (2007), the Supreme Court held that a trial court does not have authority to either suspend the imposition or payment of court

provision in subsection (C), which states "the court retains jurisdiction to waive, suspend, or modify the payment of costs of prosecution * * * at the time of sentencing, or at any time thereafter."[2]   Although R.C. 2947.23 no longer places limits on when a defendant can move for waiver of court costs, a trial court cannot impose an aspect of a defendant's sentence outside of his presence.  To do so defeats the requirements of notice and due process.  *See, e.g., State v. Hess*, 7th Dist. Jefferson No. 00-JE-40, 2001-Ohio-3463 (modification of defendant's sentence outside her presence was reversible error); *Cleveland v. Clemons*, 90 Ohio App.3d 212, 628 N.E.2d 141 (8th Dist.1993) (imposition of additional probation condition of sentence outside defendant's presence was reversible error).

{¶9} Notably, the General Assembly did not amend the statute to remove the constitutional requirement that a defendant must be present during sentencing, nor does

---

costs after the court has imposed sentence, even when the offender is indigent.   The Court found trial courts lack this ability because they are not specifically authorized by statute to waive costs after sentencing.

This serves little practical purpose.   Although section 2947.23 of the Revised Code allows for community service in lieu of payment of costs, many offenders become debilitated or have a change of circumstances after sentencing and cannot perform community service.   This means indigent offenders do not pay their court costs and do not perform community service.   In order to rectify this problem, the General Assembly should amend the statute to allow the court discretion to suspend costs after sentencing.

[2]R.C. 2947.23(C) addresses the jurisdictional concerns raised in both *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, and *Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164.

the statute read that the "court retains jurisdiction to *impose* the payment of costs of prosecution." Accordingly, the authority now granted under R.C. 2947.23 presupposes that court costs were properly imposed at the sentencing hearing where the defendant was present, thus, the holding in *Joseph* still applies, and the amendment to R.C. 2947.23 does not render this Crim.R. 43(A) violation harmless. "[T]he fact remains that (1) the trial court imposed costs in its sentencing journal entry that it did not impose in open court at the sentencing hearing and (2) [the defendant] did not have an opportunity to seek a waiver of costs during sentencing when he was represented by counsel." *State v. Gardner*, 8th Dist. Cuyahoga No. 104677, 2017-Ohio-7241, ¶ 54.

{¶10} Finding the failure to notify the defendant at sentencing of court costs is harmless error would place an improper burden on the defendant to move to waive an aspect of his sentence that he was not made aware of during the sentencing hearing. "The possibility that this error could be 'fixed' if the defendant were to file a proper postconviction motion, seeking a waiver of payment of the improperly imposed court costs under R.C. 2947.23(C), does not, in and of itself, render the error harmless." *Gardner* at ¶ 54.

{¶11} The defendant is prejudiced because a postsentence motion to waive costs is a postconviction proceeding where a defendant does not have a constitutional right to legal representation. The notion that it could be a strategic decision by trial counsel to not request a waiver of costs at sentencing ignores the very purpose why R.C. 2947.23 was amended — to request waiver of properly imposed court costs at a later date when a

change of circumstances presents themself, including a cooling-off period. *See State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶ 15, citing *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533 (not requesting waiver of costs could be strategic).[3]

**{¶12}** Moreover, if the court denies the postconviction waiver request, the denial is not a final appealable order that can be challenged. "'An order denying a motion to suspend court costs, fines, and/or restitution does not affect a substantial right because there is no legally enforceable right to have these monetary assessments suspended.'" *State v. Jones*, 11th Dist. Lake No. 2015-L-030, 2015-Ohio-2906, quoting *State v. Evans*, 4th Dist. Scioto No. 99CA2650, 1999 Ohio App. LEXIS 4331, *2 (Sept. 14, 1999), citing R.C. 2949.09, et seq.; *see also State v. Pasqualone*, 140 Ohio App.3d 650, 748 N.E.2d 1153 (11th Dist.2000); *State v. Arnett*, 3d Dist. Shelby No. 17-95-25, 1996 Ohio App. LEXIS 996 (Feb. 22, 1996); *State v. Goodman*, 11th Dist. Trumbull No. 2014-T-0047, 2014-Ohio-4884 (holding the denial of a postconviction motion to impose a payment plan for court costs is not a final, appealable order). Accordingly, the unrepresented defendant continues to be prejudiced because he cannot appeal a denial of his postconviction motion to waive costs — a motion that should have been raised at sentencing with counsel and reviewed on direct appeal.

---

[3] The dissent takes issue that this court does not overrule *Brown*. The circumstances in *Brown* are factually distinguishable. In *Brown*, the court imposed court costs in the defendant's presence at sentencing. Only after they were imposed did Brown's trial counsel fail to request waiver, thus, constituting Brown's claim for ineffective assistance of counsel claim on appeal.

**{¶13}** Following the holding in *Joseph* and the expressed language of R.C. 2947.23(A) and Crim.R. 43(A), we overrule *Thomas* and *Nelson* and hold that the trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitutes reversible error.

**{¶14}** Our en banc proceeding was prompted only by this one issue. Consequently, we will not address the other issues raised in the application for reopening in this case en banc, but leave those issues to the merit panel's judgment, which will be addressed below.

---

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, MARY J. BOYLE, FRANK D. CELEBREZZE, JR., EILEEN A. GALLAGHER, EILEEN T. GALLAGHER, SEAN C. GALLAGHER, LARRY A. JONES, SR., MARY EILEEN KILBANE, TIM McCORMACK, and ANITA LASTER MAYS, JJ., CONCUR

MELODY J. STEWART, J., DISSENTS WITH SEPARATE OPINION

MELODY J. STEWART, J., DISSENTING:

**{¶15}** I agree that the court committed a prima facie violation of Taylor's Crim.R. 43(A) right to be present at every stage of the trial by not mentioning court costs at sentencing and imposing them in a sentencing entry outside of Taylor's presence. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 13. That violation was harmless, however, because Taylor has the ability to petition the court to waive the payment of court costs under R.C. 2947.23(C). To hold otherwise disregards

legislative action no doubt meant to rectify the prejudice addressed in *Joseph* and creates a de facto per se error.

{¶16} The imposition of court costs is mandatory, regardless of the defendant's financial status. *See* R.C. 2947.23(A)(1)(a) ("In all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.") (emphasis added); *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3 (defendant's financial status is "irrelevant to the imposition of court costs."); *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 11.

{¶17} Payment of court costs can, however, be waived by the trial court. *See* R.C. 2947.23(C) ("The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."). "[W]aiver of court costs is permitted — but not required — if the defendant is indigent." *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14.

{¶18} Before *Joseph*, precedent held that a waiver of the payment of court costs was allowed only if the defendant requested a waiver "at the time of sentencing." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus. If the defendant did not request a waiver of payment of costs at the time of sentencing, the issue is "waived and costs are res judicata." *Id*. at ¶ 23. This put the

defendant, who was not informed at sentencing that court costs would be imposed, in an untenable position: if court costs were imposed in a sentencing entry only and not in open court, it would be impossible for the defendant to request that payment of the costs be waived at sentencing, yet the failure to object to that which had not been imposed became res judicata and could not be raised on appeal. Any error would be unreviewable, thus prejudicing the defendant.

{¶19} Against this backdrop, *Joseph* held that a court that imposed court costs in a sentencing entry, but not during sentencing, violates a defendant's Crim.R. 43(A) right to be present at all stages of the proceedings. *Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, at ¶ 13. The violation occurs because the defendant is "not given an opportunity at the sentencing hearing to seek a waiver of the payment of costs[.]" *Id.*

{¶20} After the Supreme Court released *Joseph,* the General Assembly amended R.C. 2947.23(C) to state that the trial court retains jurisdiction to waive, suspend, or modify the payment of court costs "at the time of sentencing or any time thereafter. "It is presumed that the General Assembly is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment." *Clark v. Scarpelli*, 91 Ohio St.3d 271, 278, 744 N.E.2d 719 (2001), citing *State ex rel. Huron Cty. Bd. of Edn. v. Howard*, 167 Ohio St. 93, 96, 146 N.E.2d 604 (1957). A report by the Ohio Legislative Service Commission[4] on HB Sub. H.B. 247 stated that "[t]he bill updates the Revised Code to

    [4] "The Ohio Supreme Court has characterized Ohio Legislative Service Commission's analyses as 'legislative history' that it may refer to 'when we find them helpful and objective.'" *Piazza v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No.

reflect two recent Ohio Supreme Court decisions regarding court costs * * *." Undoubtedly, those two decisions were *Threatt* and *Clevenger*. If the Crim.R. 43(A) violation in *Joseph* was based on the lack of "opportunity" to request a waiver of the payment of costs, providing another opportunity would supersede the holdings in both *Threatt* and *Clevenger*, and, by necessary implication, vitiate the rationale behind *Joseph*.

{¶21} In fact, we explicitly stated this conclusion in *State v. Nelson*, 8th Dist. Cuyahoga No. 104795, 2017-Ohio-6883, where we found that the addition of division (C) to R.C. 2947.23 meant that "*Threatt* has been superseded by statute, and the holding in *Joseph* is no longer applicable." *Id*. at ¶ 89. *See also State v. Black*, 8th Dist. Cuyahoga No. 105197, 2017-Ohio-8063, ¶ 51 (quoting *Nelson* for the proposition that *Joseph* "is no longer applicable" after amendment of R.C. 2947.23(C)). The availability of a postsentence motion to request that payment of court costs be waived renders any Crim.R. 43(A) error harmless. *State v. Johnson*, 6th Dist. Lucas No. L-16-1165, 2017-Ohio-8206, ¶ 23 (R.C. 2947.23 renders "the court's failure to verbally notify the defendant about costs non-prejudicial."); *State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797, ¶ 9, fn. 1 (dicta) ("now that R.C. 2947.23(C) allows post-judgment waiver of payment, a defendant may not be able to establish that he or she was prejudiced.")

---

104724, 2017-Ohio-8163, ¶ 37, fn. 2, citing *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 191, 404 N.E.2d 159 (1980), and R.C. 1.49(C) (Stewart, J., concurring in part and dissenting in part).

**{¶22}** The conclusion that a defendant is no longer prejudiced by the trial court's failure to notify the defendant of the imposition of costs at sentencing is also consistent with decisions from this and several other appellate districts holding that R.C. 2947.23(C) removes any prejudice from a trial counsel's failure to request a waiver of the payment of court costs at sentencing. *See State v. Mihalis*, 8th Dist. Cuyahoga No. 104308, 2016-Ohio-8056, ¶ 33 ("it is nearly impossible to establish prejudice as a result of counsel's failure to move for a waiver of costs at sentencing[.]"); *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533 ("prejudice resulting from a failure to move at the sentencing hearing [for waiver of payment of court costs] is harder, if not impossible, to discern."); *State v. West*, 2d Dist. Greene No. 2015-CA-72, 2017-Ohio-7521, ¶ 31 (R.C. 2947.23(C) makes it "almost impossible to find" that trial counsel was ineffective for failing to raise the issue of court costs at sentencing). If a violation of a defendant's Sixth Amendment right to counsel can be rendered harmless, so too can the violation of a right contained in Crim.R. 43(A).

**{¶23}** It follows that the basis for *Joseph* — that a Crim.R. 43(A) violation occurred because the failure to mention court costs at sentencing deprived the defendant of the "opportunity" to request a waiver of payment — was superseded by a statute that gave the defendant another opportunity to request that payment of court costs be waived. *State v. Thomas*, 8th Dist. Cuyahoga No. 104567, 2017-Ohio-4436, ¶ 15. Any error that deprives a defendant of the opportunity to request that payment of court costs be waived at sentencing is rendered harmless because the defendant can request a waiver,

suspension, or modification of payment postsentence. *Id.*

**{¶24}** The en banc majority acknowledges that R.C. 2947.23(C) permits a defendant to request that payment of court costs be waived at any time after sentencing, but maintains that the statute "presupposes that court costs were properly imposed at the sentencing hearing where the defendant was present[.]" *Ante* at ¶ 9. Not only does the text of Crim.R. 43(A) fail to support this assertion, accepting the en banc majority's position would be tantamount to finding that there are no circumstances where a Crim.R. 43(A) error like the one in this case would ever be harmless. This raises the Crim.R. 43(A) violation in this case to structural error. It is only in the rarest of cases that an error is held to be structural, thus requiring an automatic reversal. *Washington v. Recuenco*, 548 U.S. 212, 218, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006); *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 23 (cautioning against applying a structural-error analysis). None of this is to say that any error under Crim.R. 43(A) is always rendered harmless by R.C. 2947.23(C). But the Supreme Court's clear admonition against finding structural error compels the conclusion that the R.C. 2947.23(C) "fix" actually does, absent extraordinary facts, render any Crim.R. 43(A) error harmless beyond any doubt.

**{¶25}** The en banc majority argues that a defendant making an R.C. 2947.23(C) request to waive the payment of court costs after sentencing is prejudiced because the defendant would not have the benefit of legal representation when making the motion. *Ante* at ¶ 11.

**{¶26}** This argument needlessly confuses a Sixth Amendment right to counsel into what is a Crim.R. 43(A) claim. And even if the right to counsel were implicated, the majority fails to acknowledge the possibility that defense counsel might willingly choose to not raise the issue of court costs at sentencing.

**{¶27}** We have held that "[s]trategic timing may now play a role in trial counsel's decision not to seek a waiver at the time of sentencing." *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶ 15. Defense counsel "may decide as a matter of strategy not to seek a waiver or modification of court costs until some later time 'when the trial court had time to either reflect upon its sanctions or the vividness of the impact of [the defendant's] conduct had faded.'" *Id*., quoting *Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, at ¶ 16. Importantly, the en banc majority does not overrule *Brown*, so that decision remains binding on this court.

**{¶28}** This case is an excellent example of why defense counsel might not ask for a waiver of the payment of court costs. The sentencing transcript shows that the court questioned Taylor about how he never held a job yet possessed over $10,000 in cash when arrested on the two trafficking cases. When Taylor told the court that he lived with his parents but provided no financial assistance to them, the court stated, "so $10,000 you have on you in a matter of months, and you don't share any of that with your mom and dad for living in their home; is that what you're telling me?" Given this and other statements made by the trial judge, defense counsel may well have thought that a motion to waive court costs on grounds of indigence would have been futile and that Taylor

would have a better chance to file the motion at a later point in time.[5]   If defense counsel can, as a matter of strategy, decide not to pursue a waiver of the payment of court costs at sentencing, there can be no prejudice from the fact that an R.C. 2947.23(C) postsentence motion to waive the payment of court costs is not one where the petitioner is entitled to the assistance of counsel.

{¶29} Finally, the en banc majority opines that a petitioner is prejudiced because there is no right to appeal in the event the court were to deny a postsentence motion to waive the payment of court costs.   The majority maintains that there is no legally enforceable right to challenge the trial court's decision on the payment of court costs, postsentencing, whereas the defendant would have the right to raise the issue on a direct appeal from the sentencing. This conclusion may be erroneous.

{¶30} Appellate courts have jurisdiction over orders that are both final and appealable.   An order is "final" only if it meets the criteria set forth in R.C. 2505.02.   As applicable here, it appears that an order denying a postsentence motion to waive, suspend, or modify the payment of court costs would be an order that affects a substantial right made in a summary application in an action after judgment.   *See* R.C. 2505.02(B)(2).

{¶31} The enactment of R.C. 2947.23(C) gave the trial courts continuing jurisdiction to modify or waive the payment of court costs.   The statute explicitly gives a defendant the right to request a waiver of the payment of court costs at any time.   This

---

[5] It should also be noted that Taylor has not only been making some very small monthly payments, he asked the court to establish a payment schedule for the payment of court costs.

would constitute a substantial right as defined by R.C. 2505.02(A)(1). And a postsentence motion to waive the payment of court costs could be considered a summary application under R.C. 2505.02(B)(2).[6] *See State v. Wilkinson*, 2d Dist. Montgomery No. 18286, 2000 Ohio App. LEXIS 5075, *5 (Sept. 25, 2000) (finding the term "summary application" to apply to applications made "after judgment and do not involve lengthy trial court proceedings[.]").

{¶32} At least one appellate court has heard an appeal from a trial court's postsentence refusal to waive the payment of court costs, without any consideration of whether the order denying a postsentence motion to waive the payment of court costs was a final appealable order under R.C. 2505.02. *See State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797, ¶ 2. With the law unclear at this point, it is premature for the en banc majority to make the blanket statement that there is no right to appeal the denial of a postsentence motion to waive the payment of court costs and then find prejudice on what is, at best, an uncertain legal conclusion. For the above reasons, I dissent.

**Decision of the Merit Panel:**

KATHLEEN ANN KEOUGH, A.J.:

{¶33} On February 14, 2017, the applicant, Ronelle Taylor, pro se, pursuant to

---

[6] R.C. 2505.02(B)(2) does not define what constitutes a "summary application," and "[t]he case law offers no helpful explanation of what constitutes a 'summary application in an action after judgment' under R.C. 2505.02(B)(2)." Painter & Pollis, *Ohio Appellate Practice*, Section 2:14 (2016).

App.R. 26(B), applied to reopen this court's judgment in *State v. Taylor,* 8th Dist. Cuyahoga No. 104243, 2016-Ohio-7894, in which this court affirmed Taylor's convictions and sentences for three counts of drug trafficking, possession of criminal tools, and child endangering, but remanded the case to the trial court for a nunc pro tunc sentencing entry to incorporate the statutory findings for consecutive sentences. Taylor now maintains that his appellate counsel should have argued (1) that trial counsel was ineffective for not filing a motion to suppress  and (2) that the trial court improperly imposed court costs.   The state of Ohio filed its response on March 16, 2017.   For the following reasons, this court denies the application in part and grants it in part, reinstates the appeal, reverses solely as to costs, and remands the case for a correct imposition of costs.

{¶34} In *State v. Taylor,* Cuyahoga C.P. No. CR-13-580285-A ("Case I") the grand jury indicted Taylor on four counts of drug trafficking, three counts of drug possession, and one count of possession of criminal tools.   In *State v. Taylor,* Cuyahoga C.P. No. CR-14-591206-A ("Case II") the grand jury indicted Taylor on single counts of drug trafficking, drug possession, possession of criminal tools, and two counts of endangering children.   In Case II on February 3, 2015, Taylor's attorneys filed a motion to suppress.   Before the court ruled on that motion, Taylor pleaded guilty to the trafficking offense and to one count of endangering children.   In Case I, Taylor pleaded guilty to two counts of drug trafficking and to possession of criminal tools.   The trial judge sentenced Taylor in Case I to 12 months on each of the counts to be served

concurrently and in Case II to seven years on the drug trafficking count and to time served on the endangering children charge. Further, the judge ordered the sentences in Case I and Case II to be served consecutively. Although the trial judge made the necessary findings for consecutive sentences during the sentencing hearing, those were not contained in the sentencing entries.

{¶35} Appellate counsel argued that the facts of the case did not support consecutive sentences and that the trial judge was biased against the defendant because she called him a monster. This court rejected those arguments, but noted that the sentencing entries did not include the required findings for imposing consecutive sentences. Thus, this court remanded the case for nunc pro tunc entries that included the necessary language.

{¶36} Now Taylor argues his appellate counsel was ineffective for failing to raise on appeal (1) that his trial counsel was ineffective for failing to file a motion to suppress and (2) the trial court's failure to impose court costs during the sentencing hearing, thus depriving him of the opportunity to contest the imposition of costs based on indigency. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶37} Taylor's first argument is not well-founded because trial counsel did file a

motion to suppress. Moreover, Taylor's guilty plea bars the right to argue suppression, including the court's failure to rule on it. *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986). In *State v. Bogan*, 8th Dist. Cuyahoga No. 84468, 2005-Ohio-3412, Bogan pleaded guilty before the trial court had ruled on the motion to suppress. This court ruled that by pleading guilty, Bogan waived any error regarding the motion to suppress. *Id.* at ¶ 14; *see also State v. Collier,* 8th Dist. Cuyahoga No 95572, 2011-Ohio-2791 (court denied an App.R. 26(B) application to reopen arguing failure to file a motion to suppress). Accordingly, Taylor's application on this basis is denied.

{¶38} Taylor contends in his second argument that his appellate counsel was ineffective for failing to raise on appeal that the imposition of court costs outside his presence was error and prevented him from claiming indigency and seeking a waiver of those costs. The state concedes the argument raised.

{¶39} Additionally, having determined in en banc proceedings that the trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitutes reversible error, Taylor's argument is well-taken.

{¶40} Accordingly, this court denies Taylor's claim based on the motion to suppress but grants the application as to court costs. The court reinstates this appeal to docket, reverses that portion of the trial court's order imposing costs, and remands the case for the sole purpose of allowing Taylor the opportunity to move for a waiver of costs and then for the trial court's resolution of costs.

**{¶41}** The application for reopening is granted in part and denied in part.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resolution of court costs.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR