[Cite as *State v. Taylor*, 2019-Ohio-637.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107456**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RONELLE R. TAYLOR**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591206-A

**BEFORE:** Blackmon, J., E.T. Gallagher, P.J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** February 21, 2019

-i-

**FOR APPELLANT**

Ronelle Taylor, pro se
Inmate No. 670688
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶1} Ronelle Taylor ("Taylor") appeals pro se from the trial court's denial of his motion to withdraw guilty plea and assigns the following errors for our review:

> I. The trial court abused its discretion when it denied the appellant's motion to withdraw his guilty plea without conducting a hearing.
>
> II. Trial counsel was ineffective during the plea bargain stage of his case, as counsel failed to notify the appellant of the mandatory prison term included in the state's plea offer despite the appellant's lack of information concerning the plea and sentence.

{¶2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.

**{¶3}** On April 6, 2015, Taylor pled guilty to one count of drug trafficking and one count of endangering children. On April 30, 2015, the court sentenced Taylor to seven years in prison for the trafficking conviction and time served for the endangering children conviction. The court ran this sentence consecutive to a one-year prison sentence in *State v. Taylor*, Cuyahoga C.P. No. CR-13-580285, for an aggregate sentence of eight years in prison. Taylor's convictions were affirmed on appeal in *State v. Taylor*, 8th Dist. Cuyahoga No. 104243, 2016-Ohio-7894. This court reopened Taylor's appeal and issued an en banc opinion holding "that the trial court's failure to impose court costs at the sentencing hearing, but ordering defendant to pay court costs in the judgment of conviction, constitutes reversible error." *State v. Taylor*, 8th Dist. Cuyahoga No. 104243, 2017-Ohio-9270.[1]

**{¶4}** On May 30, 2018, Taylor filed a motion to withdraw his guilty plea, arguing that his plea was not knowing, voluntary, and intelligent, because he was not informed that he was facing a mandatory prison term for the trafficking conviction. Rather, Taylor "believed that he faced a sentence of approximately four years." On June 21, 2018, the court denied Taylor's motion based on lack of jurisdiction. It is from this order that Taylor appeals.

**Motion to Withdraw Guilty Plea**

**{¶5}** Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant bears the burden of establishing manifest injustice. *State v. Davis*, 8th Dist. Cuyahoga No. 95016, 2011-Ohio-2514. "A post-sentence motion to vacate a guilty

---

[1]*Taylor* was effectively overruled by the Ohio Supreme Court in *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028.

plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion." *Id*. at ¶ 10.

{¶6} It is well established that "a post-sentence motion to withdraw a plea of guilty is ordinarily subject to denial without a hearing when the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." *State v. Russ*, 8th Dist. Cuyahoga No. 81580, 2003-Ohio-1001, ¶ 12.

{¶7} Furthermore, in *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 40, this court held that "a trial court lacks jurisdiction to consider a defendant's motion to vacate his guilty pleas under Crim.R. 32.1 after a court of appeals has reviewed and affirmed the defendant's convictions."

{¶8} Taylor's convictions were affirmed on appeal. *See State v. Taylor*, 8th Dist. Cuyahoga No. 104243, 2016-Ohio-7894. Therefore, pursuant to *Moon*, we find that the court acted within its discretion when it denied Taylor's motion to withdraw guilty plea for lack of jurisdiction. Additionally, assuming arguendo that the court's jurisdiction was intact, we find that Taylor's argument fails on the merits.

{¶9} In the case at hand, the state outlined Taylor's plea agreement at the April 6, 2015 hearing. Pertinent to this case, the prosecutor stated that amended Count 1, which is drug trafficking, "is a mandatory prison sentence on that felony of the 2nd degree * * *." Furthermore, the court stated the following to Taylor during the plea colloquy regarding the drug trafficking offense to which Taylor was pleading guilty: "And this is a mandatory prison charge, meaning you will have to go to prison on amended Count 1. Do you understand that?" Taylor

replied, "Yes, your Honor." The court also explained to Taylor that the prison term for his second-degree felony trafficking conviction was two to eight years.

{¶10} Upon review, we find no error or abuse of discretion in the court's failure to hold a hearing before denying Taylor's motion to withdraw his guilty plea. The record indicates that Taylor is not entitled to relief, because the prosecutor and the court notified Taylor during his plea hearing that he would serve a mandatory prison term on the drug trafficking offense.

{¶11} Accordingly, Taylor's first assigned error is overruled.

## Ineffective Assistance of Counsel

{¶12} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 697. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 3743 (1989).

{¶13} In Taylor's second assigned error, he argues that his counsel was ineffective for failing to notify him that one of the charges to which he was pleading guilty subjected him to a mandatory prison term. Taylor's affidavit, which is attached to his motion to withdraw guilty plea, states as follows: "At the time of my plea, I was not told I was going to do mandatory prison time." As demonstrated earlier, this statement is not true. Taylor cannot show that his attorney's performance was deficient, nor can he show that he was prejudiced by his counsel's performance.

**{¶14}** Accordingly, Taylor's second and final assigned error is overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR